**UNITED STATES of America, Plaintiff,**

v.

**REAL PROPERTY LOCATED AT 12921 TREELINE AVENUE, FORT MYERS, LEE COUNTY, FLORIDA 33913 Together With All Improvements and Appurtenances Thereto, etc., Defendant.**

No. 92–216–CIV–FTM–17D.

United States District Court, M.D. Florida, Fort Myers Division.

Nov. 12, 1993.

See also —— F.Supp. ——.

Robert P. Barclift, U.S. Attys. Office, M.D. Fla., Paul E. Liles, O'Halloran, Johnson & Waltemyer, Ft. Myers, FL, for U.S.

John Ochs Terry, Terry & Terry, Ft. Myers, FL, for claimant Bill Fussell, Lee County Tax Collector.

Diane Gederian, pro se.

Armen Gederian, pro se.

Walter S. Pesetsky, pro se.

Robert M. Fizer, Ft. Myers, FL, Trustee for 80 A.C. South Land Trust.

Jeffrey B. Freeman, LaBelle, FL, trustee.

*ORDER ON ATTORNEY AD–LITEM'S MOTION FOR AUTHORIZATION OF EXPENDITURE FOR INVESTIGATION SERVICES*

KOVACHEVICH, District Judge.

This cause is before the Court on Attorney Ad–Litem, Paul E. Liles', motion for order

authorizing expenditure for investigation service, filed July 1, 1993 (Docket No. 36).

At Plaintiff's request, the movant was appointed as Attorney Ad–Litem in this case, on June 8, 1993, to investigate the whereabouts and interests of Hugo J. Paez, Trustee, his spouse, if married, and heirs, if deceased, in the defendant property. Plaintiff stated that it would be willing to pay reasonable costs and attorney's fees for the Attorney Ad–Litem out of the proceeds from the sale of the defendant property.

Movant now requests authorization from this Court to engage the services of an investigator, Roger Gibson, 150 West Flagler Street, Suite 2720, Miami, Florida 33130, to assist him in determining the whereabouts and interests in the defendant property by Hugo Paez, Trustee, his spouse, if married, and heirs, if deceased. He states that in order to fulfill his duties in locating said whereabouts and interests, he would be greatly assisted by the use of the investigative service. The basis for his request is that Mr. Paez has addresses in both Cape Coral, Florida and Barranquilla, Colombia.

The Court, after reviewing Attorney Ad–Litem's motion requesting authorization to hire an investigative service, has concluded that such request is unfounded. The movant has failed to present any legal authority in support of this request and the Court has found no such authority to support such a request. The United States Attorney, upon finding that assistance was needed in locating Hugo Paez for service of process, sought the appointment of the Attorney Ad–Litem, and as such, the fees and costs of the Attorney Ad–Litem became Plaintiff's responsibility. It is also the responsibility of the Plaintiff to determine, through its working relationship with the Attorney Ad–Litem, whether the additional assistance of an investigative service will be necessary to locate Mr. Paez, his spouse, if married, and heirs, if deceased. This is not an appropriate decision for the Court. Should Plaintiff decide that the assistance of an investigative service is needed, payment of the investigator's fees and costs will also become Plaintiff's obligation. Accordingly, it is

**ORDERED** that the movant's motion for order authorizing expenditure for investigative service be **denied.**

**DONE AND ORDERED.**